UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH N. MALOUF, III,

    Plaintiff,

v.                                                  Case No. 10-cv-14763
                                                  Paul D. Borman
                                                  United States District Judge

THE DETROIT MEDICAL CENTER d/b/a/
SINAI-GRACE HOSPITAL, and
CATHY DOCKERY

    Defendants.

_____/

**ORDER (1) DENYING AS MOOT PLAINTIFF'S REQUEST FOR SERVICE BY A UNITED STATES MARSHAL (DKT. NO. 12), (2) DENYING AS IMPROPER PLAINTIFF'S REQUEST FOR PERMISSION TO USE THE CM/ECF FILING SYSTEM (DKT. NO. 13), AND (3) DENYING PLAINTIFF'S REQUEST TO BE EXEMPT FROM PACER FEES (DKT. NO. 14)**

*Pro se* Plaintiff Joseph N. Malouf, III, filed a Complaint and application to proceed without prepayment of fees on December 1, 2010 (Dkt. Nos. 1 and 2). Plaintiff alleges that Defendants, the Detroit Medical Center and Cathy Dockery, terminated his employment in retaliation after he filed a sexual harassment claim against one of his supervisors.

This Court dismissed the action without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B), because Plaintiff did not attach or allege that he had received notice of his right to sue by the Equal Employment Opportunity Commission. (Dkt. No. 3). Plaintiff's claims were subsequently reinstated after he filed his "right to sue" letter with the Court. (Dkt. No. 5).

On March 30, 2011, Plaintiff filed three "Requests" with this Court. (Dkt. Nos. 12, 13 and

14).

Plaintiff first requests that service of the Summons and Complaint be made by a United States Marshal.  According to the docket in this case, the United States Marshal Service acknowledged receipt of an Order Directing Service on February 3, 2011.  (Dkt. No. 6).  On February 7, 2011, the docket states "TEXT-ONLY NOTICE by US Marshal of Mailing Complaint on 02/07/2011 as to Detroit Medical Center, Cathy Dockery."  On March 2, 2011 – four weeks before Plaintiff's request for service – the Defendants filed an Answer to the Complaint.  (Dkt. No. 10).  The Court therefore denies Plaintiff's request for service of process as moot, because the U.S. Marshal has already completed service of process in this case and Defendants have already responded to the Complaint.

Plaintiff next requests permission to use the Court's CM/ECF electronic filing system.  While *pro se* litigants may be granted permission to use the Court's electronic filing system, eligibility for CM/ECF is determined by the Clerk's Office.  A *pro se* litigant must first contact the Clerk's Office to receive an application for a CM/ECF username and password.  The application is reviewed and permission is either granted or denied by the Clerk's Office.  The Court will therefore direct the Clerk's Office to mail a CM/ECF application to Plaintiff, which Plaintiff is to complete and return to the Clerk's Office.  The Court will furthermore deny as improper Plaintiff's request for permission to use the Court's CM/ECF electronic filing system.  This denial shall have no effect on Plaintiff's eligibility as determined by the Clerk's Office.

Plaintiff's third request is to be exempt from PACER fees.  Plaintiff states "that in lieu of his limited income that the PACER fees would be a burden on his finances[,] and his inability to access the PACER system at no cost would impair his ability to efficiently represent himself in this action."

(Dkt. No. 14 at 2).

Registration for the PACER system is free. The current usage cost is $0.08 per page. This cost is capped at $2.40 for most documents. Usage under $10 per quarter is waived. While Plaintiff may be unable to afford the filing fees associated with his lawsuit, the Court finds that he is financially capable of affording the minimal costs of the PACER system. The Court further notes that "[t]he statutory right to proceed in forma pauperis . . . does not include the right to obtain copies of court orders without payment therefor." *Douglas v. Green*, 327 F.2d 661, 662 (6th Cir. 1964). Accordingly, Plaintiff's request to be exempt from PACER fees is denied.

For the reasons stated above, the Court **DENIES** as moot Plaintiff's Request for U.S. Marshals to Serve Summons Aginst Defendants, **DENIES** as improper Plaintiff's Request for Permission to use the CM/ECF System, **ORDERS** the Clerk's Office to Send Plaintiff a CM/ECF Application, and **DENIES** Plaintiff's Request to be Exempt From PACER Fees.

**SO ORDERED.**

                                                S/Paul D. Borman
                                                PAUL D. BORMAN
                                                UNITED STATES DISTRICT JUDGE

Dated: April 18, 2011

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means and plaintiff at:

**Joseph N Malouf**
27073 Baldwin Avenue
Warren, MI 48092

by U.S. Mail on April 18, 2011.

S/Denise Goodine
Case Manager