UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH N. MALOUF III,

        Plaintiff,

v.

THE DETROIT MEDICAL CENTER,
ET AL.,

        Defendants.
                                 /

No. 10-14763

District Judge Paul D. Borman

Magistrate Judge R. Steven Whalen

## REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Motion for Reopening the Time to File an Appeal [Doc. #89]. Because this is a post-judgment motion, I must proceed by Report and Recommendation under 28 U.S.C. § 636(b)(1)(B). *See United States v. Tyson*, 265 F.Supp.2d 788, 789 (E.D. Mich. 2003); *Massey v. City of Ferndale*, 7 F.3d 506 (6th Cir. 1993). For the reasons that follow, I recommend that the Motion be GRANTED.

### I.  BACKGROUND

On December 1, 2010, Plaintiff, a former employee of Detroit Medical Center ("DMC") filed a *pro se* civil complaint in this Court, alleging that he was terminated from his job in violation of Title VII of the Civil Rights Act of 1962, 42 U.S.C. 2000e, *et seq*. Plaintiff was granted leave to proceed *in forma pauperis* ("IFP"), and registered as a e-filer. On January 25, 2013, the Court granted Defendants' motion for summary judgment [Doc. #87] and entered judgment in favor of the Defendants [Doc. #88]. Alleging that he did not receive notice of the Court's entry of judgment against him, Plaintiff now seeks to reopen the time for filing a Notice of Appeal.

The following chronology is pertinent to Plaintiff's Motion:

On August 22, 2011, Defendants filed a Motion for Summary Judgment [Doc. #64].

On August 31, 2011, the Court entered a scheduling order under which Plaintiff's response to the Defendants' motion was due on September 30, 2011 [Doc. #67].

On August 31, 2011, Attorney Derek S. Wilczynski, representing Defendant Superior Ambulance, entered an appearance. While the caption of the appearance indicated that Mr. Wilczynski was appearing on behalf of Superior Ambulance, the body of the document erroneously indicated that he was appearing on behalf of Joseph N. Malouf. The document also stated that Mr. Wilczynski was entering an appearance "for the limited purpose of responding to Plaintiff's motion to compel and prepare and enter a protective order...." [Doc. #68]. In any event, the Clerk's Office listed Mr. Wilczynski as *Plaintiff's* attorney, indicating that he was to be noticed.

On September 12, 2011, Plaintiff filed his own Motion for Summary Judgment [Doc. #71], as well as a response to the Defendants' motion [Doc. #72].

On October 6, 2011, Defendants filed a response to the Plaintiff's motion [Doc. #79].

On August 7, 2012, I filed a Report and Recommendation that Plaintiff's Motion for Summary Judgment be denied, and that Defendants' Motion for Summary Judgment be granted [Doc. #82].

On August 21, 2012, Plaintiff filed an Objection to my Report and Recommendation [Doc. #83].

On January 25, 2013, the Court adopted my Report and Recommendation and entered judgment in favor of the Defendants [Doc. #87, #88]. The judgment [Doc. #88] noted that "Pursuant to Rule (77d), FRCivP, copies have been mailed to Attorneys of

record by electronic means."

On May 14, 2013, Plaintiff filed the present motion.

On May 17, 2013, attorney Wilczynski filed a motion to remove his appearance on behalf of Plaintiff [Doc. #90]. The motion was granted on May 23, 2012 [Doc. #91], and Plaintiff's *pro se* filing status was reinstated.

## II.   DISCUSSION

Fed.R.App.P. 4(a)(1)(A) provides that in a civil case, a notice of appeal must be filed "within 30 days after entry of the judgment or order appealed from." Rule 4(a)(6) provides for reopening (as opposed to extending) the time to file an appeal as follows, where the Court finds that the moving party did not receive notice of the judgment:

> **(6) Reopening the Time to File an Appeal.** The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
> **(A)** the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> **(B)** the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> **(C)** the court finds that no party would be prejudiced.

The application of Rule 4(a)(6) is entrusted to the Court's discretion. *Phillips v. Lafler*, 2007 WL 1452921, 2 -4 (E.D.Mich., 2007)(Friedman, J.)

When Mr. Wilczynski filed his appearance on August 31, 2011, erroneously indicating that he represented the Plaintiff, he was designated to be electronically noticed with any orders, opinions, notices or judgments. Thus, when judgment was entered on January 25, 2013, Mr. Wilczynski, not the Plaintiff, received notice. Now, I recognize

that Plaintiff was aware of my August 7, 2012 Report and Recommendation, because on August 12, 2012, he filed objections. This was almost a year after Mr. Wilczynski filed his appearance. However, the Certificate of Service of the Report and Recommendation indicates that it was served "upon counsel of record via the Court's ECF system to their respective email addresses *or First Class U.S. mail disclosed on the Notice of Electronic Filing*." (Emphasis added). It is likely–or at least plausible–that Plaintiff was in fact mailed a copy of the Report and Recommendation *and* that Mr. Wilczynski received electronic notification.

But whether or not Plaintiff was mailed a copy of the Report and Recommendation is not dispositive of whether he was properly served with a copy of the January 25, 2013 pursuant to Rule 77(d)(1), which provides:

> **(1)** *Service.* Immediately after entering an order or judgment, the clerk must serve notice of the entry, as provided in Rule 5(b), on each party who is not in default for failing to appear. The clerk must record the service on the docket.

Rule 5(b) in turn delineates the various methods by which service may be made, including personal service, mailing and electronic delivery. The service that was recorded on the docket relative to the judgment in this case stated, "Pursuant to Rule (77d), FRCivP, copies have been mailed *to Attorneys of record by electronic means*." (Emphasis added). It does not indicate that the judgment was sent to the Plaintiff or to anyone else by U.S. mail, or that Plaintiff himself was electronically served. The Advisory Committee's Notes to Fed.R.App.P. 4(a)(6) state in pertinent part:

> "Because Civil Rule 77(d) requires that notice of the entry of a judgment or order be formally served under Civil rule 5(b), any notice that is not so served will not operate to preclude the reopening of the time to appeal under new subdivision (a)(6)(A)."

-4-

*See also Phillips v. Lafler, supra*, 2007 WL 1452921, at *2.

Therefore, the first requirement of Appellate Rule 4(a)(6) has been met: Plaintiff "did not receive notice under Federal Rule of Civil Procedure 77(d)."

The second requirement has also been met, in that Plaintiff timely filed this motion within 180 days of when judgment was entered. And because there will be no discernible prejudice to the Defendants, the third requirement has been satisfied as well.

The errors that led to the revocation of Plaintiff's *pro se* status and the failure to provide him proper notice of this Court's judgment were not attributable to Plaintiff, and he should be made to pay for the errors or oversights of Superior Ambulance's attorney or the Clerk's Office. This Court should exercise its discretion in favor of granting Plaintiff's Motion for Reopening the Time to File an Appeal. "Any other finding would seem harsh, considering the factual circumstances surrounding this case." *Phillips v. Lafler*, *supra*, at 4.

### III.   CONCLUSION

For these reasons, I recommend that Plaintiff's Motion for Reopening the Time to File an Appeal [Doc. #89] be GRANTED.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this

Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: July 22, 2013                s/ R. Steven Whalen
                                    R. STEVEN WHALEN
                                    UNITED STATES MAGISTRATE JUDGE


I hereby certify that a copy of the foregoing document was sent to parties of record on July 22, 2013, electronically and/or by U.S. mail.

                                    s/Michael Williams
                                    Relief Case Manager for the
                                    Honorable Paul J. Komives.