UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH N. MALOUF, III,

    Plaintiff,

v.

THE DETROIT MEDICAL CENTER
AND CATHY DOCKERY,

    Defendants.
_____/

Case No. 10-cv-14763

Paul D. Borman
United States District Judge

R. Steven Whalen
United States Magistrate Judge

**ORDER (1) DENYING DEFENDANT'S OBJECTIONS
TO MAGISTRATE JUDGE'S FEBRUARY 6, 2013 ORDER (Dkt. No. 98); (2)
ADOPTING THE REPORT AND RECOMMENDATION; (3) GRANTING PLAINTIFF'S
MOTION TO REOPEN THE TIME TO FILE AN APPEAL**

Before the Court are Defendants' Objections (Dkt. No. 98) to Magistrate Judge R. Steven Whalen's July 22, 2013 Report and Recommendation in favor of granting Plaintiff's Motion for Reopening the Time to File an Appeal pursuant to FED. R. APP. P. 4(a)(6). (Dkt. No. 96). For the reasons set forth below, the Court ADOPTS the Report and Recommendation, DENIES Defendants' objections and GRANTS Plaintiff's motion to reopen the time to appeal. Further, the Court will reopen the time to file an appeal for fourteen days in a separate order to follow.

**I. BACKGROUND**

The Court summarizes the following facts and chronology as pertinent to Plaintiff's motion to reopen the time to file an appeal:

On December 1, 2010, Plaintiff, a former employee of Detroit Medical Center ("DMC") filed this *pro se* action alleging he was terminated from his position in violation of Title VII of the Civil Rights Act of 1962, 42 U.S.C. § 2000e, et seq. (Dkt. No. 1). Plaintiff was also granted leave to

proceed *in forma pauperis* and he duly registered as an e-filer. (Dkt. No. 3).

On August 22, 2011, Defendants filed a motion for summary judgment. (Dkt. No. 64). On August 31, 2011, the Court entered a scheduling order providing that Plaintiff's response to Defendants' summary judgment was due on September 30, 2011. (Dkt. No. 67).

That same day, August 31, 2011, Attorney Derek S. Wilczynski, entered an appearance. (Dkt. No. 68). The caption of the appearance correctly stated that Wilczynski was appearing on behalf of Superior Ambulance, a third party. The body of the appearance, however, erroneously stated:

> PLEASE TAKE NOTICE that the law offices of BLANCO WILCZYNSKI, P.L.L.C., by DEREK S. WILCZYNSKI, hereby enters his Appearance, for and on behalf of JOSEPH N. MALOUF, for the limited purpose of responding to Plaintiff's motion to compel and prepare and enter a protective order, in the above-captioned matter.

(Dkt. No. 68). The Clerk's office then (mistakenly) listed Mr. Wilczynski as Plaintiff's attorney of record and proceeded to send notifications through the CME/CF docketing system to his email and not to Plaintiff's email.

On September 12, 2011, Plaintiff filed a motion for summary judgment and a response to Defendants' motion for summary judgment. (Dkt. Nos. 71 & 72). On October 6, 2011, Defendants filed a response to Plaintiff's motion for summary judgment. (Dkt. No. 79). On August 7, 2012, Magistrate Judge Whalen filed a Report and Recommendation in favor of denying Plaintiff's motion for summary judgment and granting Defendants' motion for summary judgment. (Dkt. No. 82). Thereafter, Plaintiff filed an Objection to that Report and Recommendation. (Dkt. No. 83).

On January 25, 2013, this Court adopted that Report and Recommendation and entered a Judgment in favor of Defendants. (Dkt. Nos. 87 & 88). The Judgment stated in relevant part,

"[p]ursuant to Rule (77d), FRCivP, Copies have been mailed to Attorneys of record by electronic means." (Dkt. No. 88).

On May 14, 2013, Plaintiff filed the instant motion seeking to reopen the time to file an appeal. (Dkt. No. 89). On May 17, 2013, Mr. Wilczynski filed a motion to correct the docket entries and remove his appearance on behalf of Plaintiff. (Dkt. No. 90). The motion to correct also noted that Mr. Wilczynski had never represented Plaintiff and that the designation in the body of the appearance was in error. (Dkt. No. 90). On May 23, 2013, the Court granted the motion to correct. (Dkt. No. 91). Plaintiff's filing status was then changed back to *pro se*.

On July 22, 2013, the Magistrate Judge issued the current Report and Recommendation holding that Plaintiff had met the conditions set forth in Appellate Rule 4(a)(6) allowing the Court to reopen the time to file an appeal. Accordingly, the Magistrate Judge found that Plaintiff had not been served with notice of the Judgment pursuant to Fed. R. Civ. P. 77(d)(1). Further, the Magistrate Judge opined that the Court should use its discretion and reopen the time to file an appeal.

## II. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1), the Court conducts a *de novo* review of the portions of the Magistrate Judge's Report and Recommendation to which a party has filed "specific written objections" in a timely manner. *Lyons v. Comm'r Soc. Sec.,* 351 F. Supp. 2d 659, 661 (E.D. Mich. 2004). A district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Only those objections that are specific are entitled to a *de novo* review under the statute.

*Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir.1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id*. (internal quotation marks and citation omitted). A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir.1991).

In this action, Plaintiff is seeking to reopen the time to file aappeal pursuant to Appellate Rule 4(a)(6). Appellate Rule 4(a)(6) provides that a district court may reopen the time to file an appeal for a period of fourteen days after the date when the order to reopen is entered, so long as the following three conditions are satisfied:

> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

FED. R. APP. P. 4(a)(6). Further, the application of Appellate Rule 4(a)(6) is left to the Court's discretion. *See Phillips v. Lafler*, 2007 WL 1452921, *2-4 (E.D. Mich., May 15, 2007) (Friedman, J.).

### III. ANALYSIS

Defendants have set forth three objections to the Magistrate Judge's Report and Recommendation. The Court will respond to each in turn.

A.      First Objection

Defendants claim the Magistrate Judge erred by failing to apply the holding in *Yeschick v. Mineta*, 675 F.3d 622 (6th Cir. 2012) in which the Sixth Circuit held that "parties continue to have a duty to monitor the court's docket." *Id*. at 630 (citing *Kuhn v. Sulzer Orthopedics, Inc*., 498 F.3d 365, 370-71 (6th Cir. 2007)).  Defendants argue that *Yeschick* stands for the proposition that all parties, even *pro se* litigants, have an affirmative duty to monitor the court's docket.  Further, Defendants claim that this holding is supported by consistent with Rule 77(d) which provides that "[l]ack of notice of the entry does not affect the time for appeal or relieve – or authorize the court to relieve – a party for failing to appeal within the time allowed, except as allowed by Federal Rule of Appellate Procedure 4(a)."  FED. R. CIV. P. 77(d).

Defendants have not objected to the Magistrate Judge's finding that Plaintiff meets all three of the conditions provided in Appellate Rule 4(a)(6).  In fact, Defendants admit in their objections that Plaintiff did not receive notice of the January 25, 2013 Judgment.  (Dkt. No. 98 at 4).  It is also undisputed that Plaintiff filed his motion to reopen the time in which to file an appeal within 180 days of the January 25, 2013 Judgment.  Further, Defendants do not claim they will suffer any prejudice if the Court reopens the time to file an appeal.  Therefore, Defendants' argument is more accurately styled as requesting the Court, in its discretion, deny Plaintiff's motion to reopen the time to file an appeal because Plaintiff failed to independently monitor the docket on a regular basis and independently discover the Judgment.

The Court finds this argument unavailing as the facts in *Yeschick* are distinguishable from the present case.  In *Yeschick*, the attorney of record failed to monitor the docket of a client for a six month period which included the close of discovery and the due date of dispositive motions.  The

Sixth Circuit found that the plaintiff's counsel evidenced a lack of diligence such that excusable neglect could not be found because counsel:

> (1) knew that his email address changed from alltel.net to windstream.net; (2) was aware that he was not receiving notice of electronic filings in other cases and that motions were expected in Yeschick's case; (3) failed to diligently update his e-mail address; and (4) failed to monitor the docket in Yeschick's case for filings between May 2009 and January 2010 ...

*Id*. at 631.  Further, and perhaps most importantly, the Sixth Circuit in *Yeschick* held that there would be prejudice to the defendants to grant relief to the plaintiff.  *Id*.

The present action is inapposite to the facts set forth in *Yeschick*.  Here, Plaintiff is a *pro se* litigant who became an e-filer with the CM/ECF system.  Unlike the plaintiff's attorney in *Yeschick*, who failed to diligently update his email, the current Plaintiff stopped receiving notifications because the Clerk relied upon the erroneous appearance of a third-party's attorney. Further, in *Yeschick* the Sixth Circuit found that the defendants would suffer prejudice if relief were granted. In the present case, Defendants do not argue that they would suffer any prejudice if the time to appeal is reopened.  Finally, the Court notes that the plaintiff in *Yeschick* was seeking relief pursuant to FED. R. CIV. P. 60(b) - not seeking to reopen the time to file an appeal pursuant to Federal Rule of Appellate Procedure 4(a)(6).[1]

---

[1] The Court notes that *Yeschick* relies upon *Kuhn v. Sulzer Orthopedics, Inc*., 498 F.3d 365 (6th Cir. 2007).  In *Kuhn*, the Sixth Circuit held that a district court did not abuse its discretion when it denied the plaintiffs' motion to reopen the time to file an appeal despite the plaintiffs' meeting all three of the conditions set forth in Appellate Rule 4(a)(6).  *Id*. at 369-71.  The Sixth Circuit recognized that the language of Appellate Rule 4(a)(6) was permissive and therefore the district court had discretion in its decision.  *Id*. at 370.  The Sixth Circuit found that the district court's decision was not an abuse of discretion where the plaintiffs' attorney had a duty to monitor the docket, explaining that: "[a]n interpretation of Rule 4(a)(6) that allowed parties to ignore entirely the electronic information at their fingertips would severely undermine the benefits for both courts and litigants fostered by the CM/ECF system, including ease and speed of access to all the filings of the case."  *Id*.  Finally, the Sixth Circuit noted in *Kuhn* that

6

For these reasons, Defendants' argument that the failure of the Magistrate Judge to apply the holding in *Yeschick* was error is without merit and the Court denies Defendant's first objection.

B.  Second Objection

Defendants next argue that the Magistrate Judge erred when he concluded that it was likely or at least plausible that Plaintiff received mailed notice of the August 7, 2012 Report and Recommendation. The Magistrate Judge postulated that Plaintiff may have received notice by mail of the August 7, 2012 Report and Recommendation because the certificate of service stated that service was sent by "via the Court's ECF system to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing." (*See* Cert. of Service, Dkt. No. 82 at 16). Defendants argue that this logic is flawed because the certificate of service clearly states that notice was being "served upon counsel of record". Defendants contend this error is significant because Plaintiff was aware of the August 7, 2012 Report and Recommendation because he filed timely objections to that order. (*See* Dkt. No. 83, Plf.'s Objs.). Therefore, Defendants argue that Plaintiff

---

the plaintiffs' attorney had filed a motion asking the district court to enter a written order such that the plaintiffs could file their appeal a mere twelve days before the court issued its judgment. *Id*. at 368, 374. The Sixth Circuit explained: "[i]t exceeds the bounds of reason to say that a party who takes the unusual step of asking a court to promptly issue a written order may then disclaim all responsibility for taking any action to see if the request has been honored, especially where, as here, all Harris had to do was check the online docket." *Id*. at 372.

While *Kuhn* does recognize that parties have an affirmative duty to monitor the docket, the Court does not find that *Kuhn* abrogates the discretion of a district court inherent in Appellate Rule 4(a)(6). *See Kuhn*, 498 F.3d at 370 (explicitly recognizing the discretion of the district court in evaluating a motion to reopen). Rather, *Kuhn* holds that the affirmative duty of a party to monitor the docket is a valid reason for a district court to deny a motion to reopen where all three conditions set forth in Appellate Rule 4(a)(6) are met.

In the instant case, the Court, in its discretion, finds that where all three conditions have been met and where the party seeking to reopen is a *pro se* litigant, who stopped receiving notices through CM/ECF system through no fault of his own, the motion to reopen should be granted. Therefore, the reasoning in *Kuhn* (and by reference *Yeschick*) is distinguishable and unpersuasive.

discovered the August 7, 2012 Report and Recommendation because he was checking the docket (and not through mail service) and conclude that "Plaintiff did not receive notice of the July 22, 2013 Report and Recommendation because he was not monitoring the Court's docket at that time – contrary to the Sixth Circuit's decision in *Yeschick*." (Dkt. No. 98 at 4).

Although somewhat unclear, Defendants appear to be arguing that because Plaintiff independently checked the docket and discovered the August 7, 2013 Report and Recommendation, he cannot later argue that he was unaware of the January 25, 2013 Judgment. This argument is without merit. The Magistrate Judge accurately noted that "whether or not Plaintiff was mailed a copy of the Report and Recommendation is not dispositive of whether he was properly served with a copy of the January 25, 2013 [Judgment] pursuant to Rule 77(d)(1)." (Dkt. No. 96 at 4).

Appellate Rule 4(a)(6) provides that Plaintiff must have been formally served pursuant to FED. R. CIV. P. 77(d)(1). It is without dispute that Plaintiff was no longer receiving email notifications because Mr. Wilczynski was erroneously listed as his attorney of record. Therefore, as Defendants admit, Plaintiff did not receive formal notice pursuant to FED. R. CIV. P. 77(d)(1). To the extent, Defendants continue to argue that Plaintiff's duty to independently monitor the docket as set forth in *Yeschick*, the Court examined and rejected this argument, *supra*. Therefore, the Court will deny Defendants' second objection.

C.     Third Objection

Finally, Defendants argue that the Magistrate Judge erred in failing to consider Plaintiff's contribution to the events underlying his motion to reopen the time to file an appeal. Defendants contend that Plaintiff had a duty to read Mr. Wilczynski's Appearance when he was served with it and notify the Court of the error.

8

The Court finds this objection is also without merit. Magistrate Judge Whalen stated in the Report and Recommendation that the Court should use its discretion and reopen the time to file an appeal where Plaintiff has met all three of the conditions required. The Court does not find fault in this opinion. Tellingly, Defendants have not argued that the conditions set forth in Appellate Rule 4(a)(6) have not been met or that they would suffer prejudice.

The Court finds that even where a *pro se* litigant may have failed to recognize or discover that Mr. Wilczynski appeared on his behalf in error, it is does not necessitate the "harsh" result of Plaintiff losing his ability to appeal given the unique, factual circumstances of this case. *See Phillips v. Lafler*, 2007 WL 1452921 at *4, (granting a *pro se* litigant's motion to reopen and noting that "[a]ny other finding would seem harsh, considering the factual circumstances surrounding this case."). Therefore, the Court denies Defendants' third objection.

## IV. CONCLUSION

For these reasons the Court will:

1. DENY Defendants' Objections to the Report and Recommendation (Dkt. No. 97);

2. ADOPT the Report and Recommendation (Dkt. No. 96);

3. GRANT Plaintiff's Motion to Reopen the Time to File an Appeal (Dkt. No. 89); and

4. ISSUE an order reopening the time in which to file an appeal in accordance with FED. R. APP. P. 4(a)(6).

SO ORDERED.

                                              s/Paul D. Borman
                                              PAUL D. BORMAN
                                              UNITED STATES DISTRICT JUDGE

Dated: March 18, 2014

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 18, 2014.

                                          s/Deborah Tofil
                                          Case Manager